[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JANUARY 10, 1996
The motion for summary judgment is granted. There is no genuine issue of material fact.
The policy contract in effect in this case explicitly required that the insured start suit within one year after the loss, or be barred. It is conceded by the plaintiffs that they failed to comply with this provision of the insurance contract. In Cocco v. Preferred Mutual Insurance Co., 637 F. Sup. 94, 95, CT Page 1145 the Connecticut District Court held that summary judgment should be granted on the ground that the plaintiff failed to comply with the one-year limitation of action condition. The district court upheld the granting of the summary judgment in favor of the defendant.
The plaintiff attempts to avoid the Cocco and other cases of like result by making reference to the case of Aetna Casualty Surety Company v. Murphy, 206 Conn. 409. That case held that "in appropriate circumstances, a contracting party, despite his own default, may be entitled to relief from the rigorous enforcement of contract provisions that would otherwise amount to a forfeiture." Id. 414. The court outlined three considerations as being central to determining whether the contracting party would be entitled to relief. First, the contractual provisions are contained in an insurance policy that is a "contract of adhesion." Second, enforcement of the notice provision would operate as a forfeiture because the insured would lose his insurance coverage. Third, the insurer's legitimate purpose of guaranteeing himself a fair opportunity of investigate accidents and claims can be protected without the forfeiture that results from presuming, irrebuttably, that late notice invariably prejudices the insurer. Id. 415, 416. The Aetna Casualty case continues that the third prong concerning prejudice or lack of same from delayed notice should be determined on a factual basis and the burden of establishing a lack of prejudice must be borne by the insured. Here, as in the Aetna Casualty case, while the defendant may not have been automatically discharged because of the delay of the plaintiff the plaintiff presented to this court no factual basis for a claim that Aetna Casualty Surety Company had not been materially prejudiced by their delay. In fact the plaintiff presented no affidavit to the court.
This finding that the defendant is entitled to summary judgment because of its failure to sustain the burden that Allstate Insurance Company had not been materially prejudiced by its delay, is consistent with the decision in the Aetna case in which our Supreme Court upheld the entry of a summary judgment on just that ground.